McGREGOR W. SCOTT
United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00199 JAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| LAVONDA BAILEY, | DATE: March 31, 2020 |
| Defendant. | TIME: 9:15 a.m. |
| | COURT: Hon. John A. Mendez |

This case was set for status conference on March 31, 2020. On March 17, 2020, this Court

issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled

to commence before May 1, 2020. This General Order was entered to address public health concerns

related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.*

at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.    By previous order, this matter was set for status on March 31, 2020.

2.    By this stipulation, defendant now moves to continue the status conference until May 5, 2020 at 9:15 a.m. and to exclude time between March 31, 2020, and May 5, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has provided discovery associated with this case, which is voluminous - i.e. approximately 14,000 pages, plus media materials, to defense counsel.

b) Given the volume of discovery, defense counsel for defendant require additional time to review the discovery in this matter, to consult with his client and to conduct any necessary investigation and research related to the charges, to evaluate possible settlement, and to otherwise prepare for trial.

c) Additionally, counsel for defendant has collected and provided additional evidence to the government which they are reviewing and considering which may aid in the resolution of this matter.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because.

- Defense counsel, who currently has bad seasonal allergies that can frequently produce cough, sneezing, and other symptoms, could be barred from entering the courthouse based on General Order 610.
- Counsel have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 31, 2020 to May 5, 2020,

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  March 19, 2020                              McGREGOR W. SCOTT
                                                    United States Attorney


                                                    /s/ CHRISTOPHER S. HALES
                                                    CHRISTOPHER S. HALES
                                                    Assistant United States Attorney


Dated:  March 19, 2020                              /s/ ROBERT M. WILSON
                                                    ROBERT M. WILSON
                                                    Counsel for Defendant
                                                    LAVONDA BAILEY


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 20th day of March, 2020.


                                                    /s/ John A. Mendez
                                                    THE HONORABLE JOHN A. MENDEZ
                                                    UNITED STATES DISTRICT COURT JUDGE